## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD R. MORGAN,

                             Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a foreign
corporation,

                          Defendant.

Case No:    CIV-20-180-D

***JURY TRIAL DEMANDED***
***ATTORNEY LIEN CLAIMED***

## COMPLAINT

COMES NOW Plaintiff, Robert R. Morgan, and for his causes of action against the Defendant, Provident Life and Accident Insurance Company, alleges and states:

1.    Plaintiff, Robert R. Morgan, is a resident and citizen of the State of Oklahoma and currently resides in Edmond, Oklahoma.

2.    Provident Life and Accident Insurance Company, hereafter referred to as "UNUM," is a foreign corporation with its principal place of business in Chattanooga, Tennessee and can be served through its registered service agent Corporation Service Company at the following address 2908 Poston Avenue, Nashville, Tennessee, 37203-1315.

3.    At all times material hereto, Plaintiff was insured under a disability insurance policy which was issued by UNUM.

4.    Dr. Morgan's disability insurance policy number 6-335-785976 involved in this case was issued, delivered, and renewed in the State of Oklahoma.  The disability policy was issued July 7, 1987 and amended May 17, 2001, and again on October 23, 2001.

5.     Dr. Morgan suffered a myocardial infarction on or about March 17, 2019 which caused Dr. Morgan to be unable to perform the principal duties of his occupation as an emergency room physician, and was totally disabled from his specialty as an E.R. physician from March 17, 2019 to the present.

## BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

6.     This UNUM disability product is marketed to physicians to provide coverage for their occupation in a recognized specialty.   The policy provides its disability benefits if a physician is disabled from performing their recognized specialty occupation, even if the doctor is still capable of performing other doctor duties.   Dr. Morgan's disability policy was expressly written to cover his duties as an emergency room physician.

7.     For over thirty (30) years, Dr. Morgan worked as an E.R. physician, since July of 1987, and also worked in a day position as a clinic physician.   He had other group coverages through his employers, but always maintained and increased this disability coverage to cover his duties in his specialty as an E.R. physician.

8.     Dr. Morgan submitted a claim under the disability insurance policy with UNUM and, otherwise complied with all conditions precedent to recover under the policy.

9.     Defendant breached the insurance contract by failing and refusing to properly and promptly pay policy benefits to Plaintiff.

10.     Defendant further breached the implied covenant of good faith and fair dealing in the handling of Plaintiff's claims, and as a matter of routine claim practice in the handling of similar claims, by:

   a.     failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that they were entitled to those benefits;

   b.     failing to properly investigate Plaintiff's claims and to obtain additional

2

information both in connection with the original refusal and following the receipt of additional information;

c.      withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.      refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.      refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.      refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under this policy to include Plaintiff's claims;

h.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.      forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and

j.      failing to properly evaluate any investigation that was performed;

k.      improperly delaying the payment of policy benefits for months after benefits were due such that Dr. Morgan was deprived of the disability income coverage for which the insurance was in place;

l.      failing and refusing to reform the policy in order to honor the true intent expressed in the policy to cover his specialty duties as an emergency room physician;

m.      failing and refusing to pay the proper waiver of premium benefit and improper delay in addressing and honoring this benefit in an attempt to conceal and avoid payment of the premium waiver altogether;

n.      when confronted with the coverage for the total disability benefit, changing its excuse for denial, to deny the disability altogether and continue in its search for an excuse for denial rather than honor the coverage it knew had been promised to this insured; and

o.      avoiding and concealing the insurance company's own knowledge of how the specialty occupation coverage is supposed to be provided by simply switching to a different coverage issue and claiming that Dr. Morgan was not disabled at all.

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

11.     As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of policy benefits, physical and emotional distress, and other consequential damages.

12.     Defendant's acts and omissions in violation of the implied covenant of good faith and fair dealing were grossly reckless and wanton and/or done intentionally and with malice and therefore Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Provident Life and Accident Insurance Company, in an amount in excess of the jurisdictional amount set out in 28 U.S.C.A. §1332 with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

## FALSE REPRESENTATION, CONCEALMENT AND DECEIT

Plaintiff realleges all previous allegations and further alleges and states:

13.     The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the Plaintiff.   On or around June 15, 1987, Defendant's soliciting agent, Earl Chambers, met personally with Richard Morgan at the hospital where he was completing his residency.   The insurance company and Mr. Chambers touted this insurance policy to be better than most physician disability coverage because it provided coverage specifically for your duties in your specialty, if you worked in a recognized medical specialty.   Mr. Chambers explained that many doctors may become disabled from their principal occupation in a recognized specialty, but still be able to perform some duties as an office physician.   He explained that, if Dr. Morgan was

working in a recognized specialty, then the Defendant would view that specialty as his occupation and he would receive the full disability benefits of the policy, even if he were able to continue working in some other duties as a physician. This policy would, in effect, provide coverage for the loss of the extra income that would be expected from his specialty occupation, even if he continued to work as a physician in some other capacity. This was explained as the principal benefit and special feature of this disability policy, as compared to competitor's products. The agent explained that as his income grew, he would be entitled to increase the monthly disability benefits and that he should increase those monthly benefits as much as he was able so that he would always have sufficient coverage in the event he became unable to work in his specialty. In reliance upon these representations, Dr. Morgan did increase his benefits in May of 2001 and in October of 2001. These applications for the increased coverage were written and made a part of his insurance policy and specify that the exact duties of his covered occupation was as an emergency room physician. In reliance upon the Defendant's promises, he maintained this disability coverage for thirty-three years in order to insure his recognized specialty as an ER physician. Dr. Morgan also worked a second job most of those same years with a physician team doing clinical work and knew he normally had group disability coverage through that employment for that work. Mr. Chambers had specifically told Dr. Morgan that he would be considered totally disabled for payment of the full policy benefit, if he became unable to perform the duties of his recognized specialty, even if he was actually continuing to work as a physician. The Defendant and the agent made these promises without any disclosure that they would attempt to handle the claims in any other manner, if Dr. Morgan was working in multiple occupations. In fact, their representations and contract amendments were directly to the contrary. The materials that were shown to Dr. Morgan contained the same promises and information that were told to him and in all respects failed to disclose anything to the contrary.

In all respects, the Defendant emphasized that this disability product was specialty occupation specific, would cover him specifically for his specialty duties if he engaged in a recognized specialty and would provide the full policy benefit on any disability from his work as an emergency room physician. The principal selling distinction emphasized by the Defendant in the sale of the policy is that his occupation would be considered his duties as an emergency room physician, rather than as the duties of a physician generally. At the time of the original sale of the policy and the amendments of the same, no one ever disclosed anything different with regard to multiple occupations or partial disabilities. Affecting the promised coverage for payment of the policy benefit. The representations were always on the one-hundred percent total disability payments being tied precisely to his duties as an emergency room physician, rather than to any duties of a physician generally. Plaintiff will immediately supplement any factual details with specificity that the Plaintiff can identify that are not set forth above.

14.     The described representations were material and false and made at a time when Defendant knew they were false, or made as a positive assertion recklessly, without any knowledge of the truth.

15.     The described representations were made with the intention that Plaintiff should act upon them in purchasing this policy and the Plaintiff did rely upon this to his detriment.

16.     The described representations were words or conduct which created an untrue or misleading impression of the actual past or present facts in the mind of the Plaintiff.

17.     The described omissions and non-disclosure involved concealing and failing to disclose facts which Defendant had a duty to disclose. Such facts were material and were concealed or failed to be disclosed with intent of creating a false impression of the actual facts in the mind of the Plaintiff.

18.     Defendant concealed or failed to disclose these facts with the intention that they

be acted upon by Plaintiff and Plaintiff did act in reliance upon it to his detriment.

19.     The described false representations, concealment and deceit induced the Plaintiff to purchase these insurance policies and Plaintiff, acting in reliance thereon, suffered injury.

20.     As a direct result of the described false representations, concealment, and deceit, Plaintiff suffered loss of the policy coverage promised to him, emotional distress, frustration and duress and other consequential damages.

21.     Defendant's acts and omissions in this cause of action were with reckless disregard for the rights of others and/or were done intentionally and with malice and therefore Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Provident Life and Accident Insurance Company, in an amount in excess of the jurisdictional amount set out in 28 U.S.C.A. §1332 with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
E-mail:  mengel@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**ATTORNEYS FOR PLAINTIFF**