**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICHARD R. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-180-D |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, a foreign | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Provident and

Accident Insurance Company ("Provident") moves the Court for an Order dismissing

Plaintiff's asserted bad faith cause of action in his Amended Complaint. [Dkt. No. 18].

Plaintiff filed this action on February 28, 2020, claiming breach of contract, bad

faith, and misrepresentation/fraud in the inducement.  Plaintiff had obtained an individual

policy from Provident in 1987 (the "Policy").  Dkt. No. 18, ¶ 4.  Plaintiff maintained the

policy, increasing coverage twice in 2001.  *Id.*  For over thirty years, Plaintiff worked both

as an emergency room ("E.R.") physician and a clinical physician (his "day position.").

*Id.,* ¶ 6.  In 2019, Plaintiff had a heart attack.  *Id.,* at ¶ 5.  He contends that this heart attack

was debilitating and specifically that the stress of E.R. work prevents him from such a

practice in the future.  *Id.*  However, Plaintiff continued to work as a clinical physician.

On March 26, 2021, the Court dismissed Plaintiff's contract and bad faith claims

based on the plain language of the policy.  Dkt. No. 12.  The Policy plainly defined

"occupation" as "occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled."  Thus, under the Policy, if one has more than a single occupation at the time of disability (*i.e.*, E.R. physician and clinical physician), then one is disabled under the Policy only if disabled from both.  The Policy further clarifies that only if the occupation is "limited to a recognized specialty," then that specialty is deemed to be one's occupation.  Plaintiff worked both as an E.R. physician and a clinical doctor at the time of his disability, and had for over thirty years.  Both, under the terms of the Policy, were his occupation.  His occupation was not "limited" to a specialty, as he plainly worked as both an E.R. physician ***and*** a clinical doctor.  Plaintiff's only remaining claim was a claim of fraud based solely on a purported conversation that occurred three and half decades before.

Plaintiff filed an Amended Complaint on June 1, 2021.  [Dkt. No. 18].  The Amended Complaint provided alternative grounds for its breach of contract and bad faith claims.  Those allegations are discussed herein.

## ARGUMENT AND AUTHORITIES

Plaintiff's bad faith claim presents precisely the sort of conclusory, "laundry list" bad faith allegations that numerous courts – including the Western and Northern Districts of Oklahoma – have dismissed as not containing sufficient facts under *Twombly* and *Iqbal*.  An examination of Plaintiff's bad faith allegations reveals they are virtually identical (if not exactly the same) as other lawsuits Plaintiff's counsel have filed against other insurance companies.  Taking Plaintiff's bad faith allegations and the others filed by his counsel as true would suggest that *every* insurance company doing business in Oklahoma has acted in

virtually *the* same way to cause virtually the same damage resulting in virtually the same bad faith cause of action.  This is the exact opposite of pleading "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face.*'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007).  Provident respectfully requests that this Court dismiss Plaintiff's bad faith claim as Plaintiff's generic allegations cannot satisfy the requirements of *Twombly* and *Iqbal.*

### A.   The Pleading Requirements under the Federal Rules and Applicable Cases.

Under Rule 8, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).  In other words, "[a] plaintiff must 'nudge [his] claims across the line from conceivable to plausible.'"  *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570); *see also Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir. 2010) (similar). The *Twombly* "pleading requirement serves two purposes: to ensure that a defendant is placed on notice of [its] alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."  *Kan. Penn Gaming, LLC* v. *Collins,* 656 F.3d 1210, 1215 (10th Cir. 2010) (citation and quotation marks omitted).

To satisfy the plausibility standard, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Larson v. Agos,* No. 11-cv-986-CMA-

CBS, 2011 WL 2473078, at *2 (D. Colo. June 22, 2011) (internal quotation marks and citation omitted).  In so doing, the plaintiff may not simply rely on legal conclusions, which the Supreme Court has instructed shall not be "'accept[ed] as true.'"  *Id.* (quoting *Iqbal,* 556 U.S. at 678); *see also Allen* v. *Zavaras,* 430 F. App'x 709, 712 (10th Cir. 2011) ("[C]onclusory allegations ... are not sufficient."). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion [ s]' devoid of 'further factual enhancement.'"  *Iqbal,* 556 U.S. at 678 (second alteration in original) (quoting *Twombly,* 550 U.S. at 555, 557).  Rather, the complaint must contain sufficient factual heft "to allow the court 'to draw the reasonable inference' that a defendant has acted unlawfully." *Stephenson* v. *FEI,* No. 2:09-CV-905-CW-SA, 2010 WL 2024704, at *3 (D. Utah Mar. 26, 2010) (citation omitted), *report and recommendation adopted by,* 2010 WL 1978689 (D. Utah May 17, 2010).  The "court need not accept as true those allegations that are conclusory in nature."  *Scheffler* v. *Am. Republic Ins. Co.,* No. 11-CV-760-CVE-TLW, 2012 WL 602187, at *1 (N.D. Okla. Feb. 23, 2012) (citing *Erikson* v. *Pawnee Cnty. Ed of Cnty. Comm'rs,* 263 F.3d 1151, 1154-55 (10th Cir. 2001).

## B.    Plaintiff Fails to Plead a Plausible Bad Faith Claim Under *Twombly.*

Plaintiff's bad faith claim is conclusory and without any factual support. Plaintiff alleges that he had a Policy, the Policy should cover his purported sickness, he was purportedly unable to work as a result of that sickness, and Provident breached the policy by failing to pay benefits.  *See Amended Complaint,* ¶¶ 8-13.  Plaintiff then claims Provident breached the duty of good faith and fair dealing in twelve different ways:

a.  failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that they were entitled to those benefits;

b.  failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.  withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.  refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.  refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.  refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.  failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under this policy to include Plaintiff's claims;

h.  not attempting in good faith to effectuate a prompt fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.  forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.  failing to properly evaluate any investigation that was performed;

k.  improperly delaying the payment of policy benefits for months after benefits were due such that Dr. Morgan was deprived of the disability income coverage for which the insurance was in place; and

l.  failing and refusing to pay the proper waiver of premium benefit and improper delay in addressing and honoring this benefit in an attempt to conceal and avoid payment of the premium waiver altogether;[1]

---

[1] It is worth noting that the purportedly "new" claims, include one for "waiver of premium benefit." *See* Motion for Leave, Dkt. No. 16 at 3; Dkt. No. 18 at ¶ 11. However, the waiver of premium benefit was already expressly raised in the original Complaint, ¶10(m), that was previously dismissed. Order, Dkt. No. 12.

in violation of the covenant of good faith and fair dealing and resulting in financial benefit

to the Defendant." *Id*. at ¶ 14. Plaintiff offers nothing but these conclusory allegations,

based on the same very limited facts alleged in the Amended Complaint for the breach of

contract theory.  None of the factual allegations meet the *Iqbal-Twombly* requirements.[2]

In *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL

7335320, at *4 (W.D. Okla. Dec. 19, 2014), Judge Heaton wrote:

> Plaintiffs allege Hartford breached its duty to act in good faith and deal fairly
> with its insured by "[f]ailing to pay the full and fair amount for the property
> damage sustained" but do not identify the amount that ought to have been
> paid, the basis for their calculations, or the amount that was actually paid.
> They also claim defendant "[w]rongfully, intentionally and repeatedly
> fail[ed] to communicate all coverages and benefits applicable to Plaintiffs'
> claim" but do not suggest what communications occurred regarding
> coverages and benefits. Plaintiffs also allege that defendant's investigation
> was "outcome oriented" rather than "fair and objective," but offer no
> specifics other than their disagreement with the policy benefits they received.
> Doc. No 1–1, p. 5, ¶ 26.
>
> With respect to their bad faith claim, as well as with all their claims, plaintiffs
> have offered little "more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.
> As the Supreme Court stated in *Twombly,* that simply will not do.  *Id.*

---

[2] In addition to the issues with the general boilerplate approach presented here, it is also
worth noting the indefinite language of the allegations themselves.  For instance,
subparagraph (d) provides:  "refusing to honor Plaintiff's claims in some instances for
reasons contrary to the express provisions of the policy and/or Oklahoma law." *See also*
Amended Complaint, ¶ 14(e) and (f).  Here, Plaintiff alleges that in "some" instances
Provident acted contrary to express policy provisions "and/or" Oklahoma law.  Plaintiff is
not alleging what instances and whether such instances would violate policy provisions or
Oklahoma law or both.  Subparagraph (j) provides:  "failing to properly evaluate any
investigation that was performed."  Plaintiff is not stating that an investigation did or did
not occur but only making a conditional allegation that if the investigation occurred, then
it was not properly evaluated.  Such indefinite allegations cannot meet the *Twombly*
requirements.

Plaintiffs' bad faith claim alleged in their second cause of action will be dismissed.

Similarly, in *Bunnell v. American Bankers Insurance Co. of Florida,* No. 12-cv-372-R, 2013 WL 9554564 (W.D. Okla. July 17, 2013)*,* Judge Russell recognized:

> Plaintiffs are in the unique position to know factual elements of their claim. Despite this position, Plaintiffs do not plead any actual facts in support of their conclusory allegations. Plaintiffs do not allege the value assigned to their claim by Defendant's adjusters, the actual extent of any property damage to the insured property, or the extent of repairs either anticipated or made to the property…Rather, Plaintiffs allege a series of conclusory statements…Accordingly, the Court finds that Plaintiffs have failed to set forth sufficient facts in support of their claim so as to comport with the current state of the law regarding the pleading of claims.

*Id* at *2. *See also Daily v. USAA Cas. Ins. Co.*, No. CIV-14-0550-HE, 2014 WL 12729172, at *1 (W.D. Okla. Nov. 19, 2014) (granting motion to dismiss where plaintiff failed to allege specifics regarding the bad faith claim).

The Northern District of Oklahoma has similarly rejected bad faith claims like Plaintiff's that lack sufficient factual matter.  In *Hightower v. USAA Cas. Ins. Co.*, No. 16-CV-274-JED-FHM, 2017 WL 1347689 (N.D. Okla. Apr. 7, 2017), the Court determined that the plaintiff did not allege any facts other than the failure to pay the full amount – everything else was conclusory.  "Under *Twombly and Iqbal*, these allegations are insufficient to state a plausible claim for relief under the standard." *Id.* at 3.  In *Erbe v. AAA Fire & Cas. Ins. Co.*, No. 16-CV-596-TCK-PJC, 2017 WL 489417, at *2 (N.D. Okla. Feb. 6, 2017), the Court reached the same conclusion:  "CSAA argues Plaintiff failed to allege any non-conclusory facts in support of his bad-faith claim. The Court agrees.

Plaintiff's Complaint contains only conclusory allegations and does not allege any specific facts supporting a finding of unreasonable conduct by CSAA."

Both *Hightower* and *Erbe* relied on *Scheffler*, a prior case from the Northern District.  There the Court dismissed a bad faith claim when the plaintiff included "general assertions of bad faith, without any details of events leading up to the filing of the complaint."  *Id.* at *3.  The plaintiff alleged that the defendant had not paid life insurance proceeds and had failed to provide a reasonable explanation for its delay or refusal.  *Id* at *1.  The plaintiff alleged that the insurance company acted in bad faith by failing to promptly investigate the plaintiff's claim, delaying payment to the plaintiff, intentionally misreading or misconstruing the insurance policy, and imposing burdensome documentation demands not required by the facts of the claim or the policy. *Id* at *3. In rejecting the plaintiff's argument "that she cannot more specifically allege defendant's bad faith conduct because 'only the Defendant knows how it handled Plaintiff's claim,'" the court recognized that the "plaintiff should at least have knowledge of certain details that she could properly plead to satisfy the plausibility requirement."  *Id.*  Because the "[p]laintiff's bad faith claim is based solely on the fact that she was not paid the insurance proceeds under the policy ... her bad faith claim is not plausible under the *Twombly/Iqbal* standard."  *Id.* (citing *Khalik*, 671 F.3d at 1194).  *See also City of Orem v. Evanston Ins. Co.,* 12-CV-425-JNP-PMW, Dkt. No. 90 (D. Utah Oct. 27, 2017) (citing *Scheffler* in granting motion to dismiss for failure to allege sufficient facts to plausibly allege breach of covenant of good faith and fair dealing).

The Western and Northern Districts of Oklahoma are not alone in dismissing bad faith claims like those offered by Plaintiff. Numerous federal district courts across the country have rejected "'conclusory' or 'bare-bones allegations' that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support." *Wanat* v. *State Farm Mut., Auto Ins. Co.,* No. 4: 13-CV-1366, 2014 WL 220811, at *4 (M.D. Pa. Jan 21, 2014) (collecting cases); *see also Ridpath v. Progressive Adv. Auto. Ins. Co.,* No. CV 19-5871, 2020 WL 1250395, at *2–3 (E.D. Pa. Mar. 16, 2020) ("Courts in this district and circuit routinely dismiss bad faith claims which fail to allege facts of the insurer's alleged wrongdoing with specificity. Because Ms. Ridpath's bad faith claim rests entirely on conclusory and bare-bones allegations, it does not survive a Rule 12(b)(6) challenge."); *Krantz v. Peerless Indem. Ins. Co.*, No. 18-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12, 2019) (dismissing bad faith claim where plaintiff pleaded only "conclusory allegations" that the insurer failed to make a good faith offer to settle the claim, promptly tender payment of the claim, and reasonably investigate the claim); *Propitious, LLC v. Badger Mut. Ins. Co.*, No. 18 CV 1405, 2019 WL 480008, at *6 (N.D. Ill. Feb. 7, 2019) (granting dismissal where plaintiff failed to plead sufficient facts to show wrongfully and unreasonable refusal to comply with contractual obligations); *Felsenthal* v. *Travelers Prop. Cas. Ins. Co.,* No. 12 C 7402, 2013 WL 1707931, at *4 (N.D. Ill. Apr. 19, 2013) (dismissing bad faith claim under Illinois law when plaintiff "provide[d] almost no factual support for his claim" and failed to "allege some facts in support of his allegations that the defendant acted unreasonably or vexatiously in denying the claim"); *Liberty Ins. Corp.* v. *PGT Trucking, Inc.,* No. 2:11-cv-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011)

(dismissing a Pennsylvania bad faith claim when the pleading included "a laundry list of twenty-nine (29) generic, generalized accusations" without "any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred").

At least one federal district court found that a bad faith claim failed to comply with *Twombly* despite far more factual detail than what Plaintiff has here.  In *Palmisano* v. *State Farm Fire* & *Casualty Co.,* the Court held these "generalized accusations [of bad faith] are insufficient without supporting facts":  State Farm acted in bad faith (a) "by failing to fairly and properly investigate the claim" and "by denying its clearly-established coverage obligations under the Policy"; (b) "by repeatedly asserting bases for denying or attempting to deny coverage that have no basis in fact or law and by ignoring information in its possession refuting the denial of coverage"; (c) "by engaging in improper, unfair, and unlawful claims handling and insurance practices"; (d) "by violating the legal requirements for proper insurance practices"; and (e) "by requiring the plaintiff to expend funds for counsel fees to obtain and/or retain coverage for which the plaintiff has already paid."  Civ. No. 12-886, 2012 WL 3595276, at *12-13 (W.D. Pa. Aug. 20, 2012).  In contrast to this case, the plaintiffs in *Palmisano* actually pleaded some facts underlying their claim, including detailed factual allegations about the damage, the policy, the inspections, the engineering report, and the denial.  *See* 2012 WL 3595276, at *1-6.  It was still found "conclusory" and "insufficient."  *Id.* at *13.

Plaintiff's claim here is clearly insufficient under the *Twombly* standard. Plaintiff's bad faith claim – like these listed above – is a "laundry list of ... generic, generalized

accusations." *Liberty Ins. Corp.,* 2011 WL 2552531, at *4.  Because Plaintiff has failed to

offer any factual allegations in support, his bad faith claim should be dismissed.

> **C.    The Infirmities in Plaintiff's Bad Faith Allegations are Evidenced by the Fact They are Virtually Identical to Those Used in Numerous Other Cases.**

Plaintiff's bad faith allegations are nothing more than boilerplate language used

repeatedly in insured-insurer cases, further supporting dismissal under *Twombly.*  This is

evidenced by comparing Plaintiff's Complaint and Amended Complaint.  Having lost on

the original bad faith and breach of contract claims, Plaintiff has now asserted what he

must contend are different claims.  *See* Motion for Leave to Amend at 2.  However, ***every***

bad faith allegation in the Amended Complaint is word-for-word the ***same*** as the those in

the original Complaint (although three have been deleted).   Attached, for further

exemplification, are ***twenty (20) petitions/complaints*** filed by Plaintiff's counsel's firm

containing identical (or at least virtually identical) bad faith allegations. *See* Exhibit 1.

There are many others.  There is no pretext that such allegations are intended to advance

sufficient factual allegations that could support a plausible claim unique to Plaintiff here.

Indeed, an attorney from Plaintiff's firm has affirmed as much in a recent court proceeding

when confronted with such duplicative pleadings from cases filed a decade and a half apart.

There, the plaintiff's counsel, referring to himself, stated:

> ***The fact that their lawyer still uses the same form petition,*** jurors don't understand that ***petitions are form***. All of that legalese that's in there are standard breaches of obligations that are in Mark's pleading…the similarity is…[Plaintiff] came back to the same lawyer.  That's what's similar.

*See* Exhibit 2. *Godfrey v. CSAA Fire & Casualty Insurance Company,* CIV-19-329-JD, U.S. District Court, Western District of Oklahoma, Transcript of Motions Hearing, Feb. 27, 2020, 12:19 - 13:1 (emphasis added).

Courts recognize that generic and form pleadings do not meet the *Twombly* pleading standard. *See Frost v. Aurora Loan Servs., LLC,* No. 10-cv-2476-WHA, 2011 WL 3471024, at *1-2 (N.D. Cal. Aug. 5, 2011) (dismissing "a form complaint, containing entire blocks of boilerplate, nearly identical to a complaint in another case" and "devoid of any factual allegations"); *Givens v. Smith,* No. 5:12-CV-145, 2014 WL 1393181, at *5 n. 10 (N.D.W.V. Apr. 9, 2014) ("This clear example of 'cut and paste' pleading ... bolster[s] the Court's finding ... that Plaintiff utterly fails to state a claim ...."); *Brant v. Shea Mortg, Inc.,* No. 2: 10-CV-829-FKD-RJJ, 2011 WL 1300360, at *1 (D. Nev. Mar. 30, 2011) ("Even a cursory examination ... reveals that Plaintiffs have filed a cut and paste, boilerplate, form complaint which is almost completely devoid of facts, and is identical – except for party names, dates, and property address – to other Complaints ... filed with this Court."); *Brown v. U.S. Bank Nat'l Ass'n,* Civ. No. 3:14-CV-89-L, 2014 WL 3764887, at *1 n.2 (N.D. Tex. July 31, 2014) ("The court notes that Plaintiffs' claims in this case, and the theories that form the basis for those claims, are virtually identical to those filed by Plaintiffs' counsel in numerous other cases ... Accordingly, Plaintiffs' counsel ... is directed to tailor the facts and legal theories to the particular case in which she provides representation.").

## CONCLUSION

This Court should conclude that Plaintiff's generic and form claim does not meet the *Twombly* requirement, as Plaintiff's claim merely changes the names of the parties and

then utilizes generic language from other bad faith pleadings filed by his counsel.  Because

Plaintiff has completely failed to tailor the facts and legal theories to this particular lawsuit

against Provident, his claim should be dismissed.

Respectfully Submitted,

*s/Matthew C. Kane*
PHILLIP G. WHALEY, OBA No. 13371
MATTHEW C. KANE, OBA No. 19502
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
Telephone:   (405) 239-6040
Facsimile:    (405) 239-6766
pwhaley@ryanwhaley.com
mkane@ryanwhaley.com

ATTORNEYS FOR DEFENDANT
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, I electronically transmitted the attached
document to the Clerk of Court using the Electronic Filing System for filing.  Based on the
records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic
Filing to those registered participants of the ECF System.

*s/Matthew C. Kane*
MATTHEW C. KANE