IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD R. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-180-D |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, a foreign | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S  AMENDED COMPLAINT**

Plaintiff's Response [Dkt. No.24] to Defendant's Motion to Dismiss [Dkt. No. 21] is notable for two reasons: (1) its failure to produce a single case that supports a claim that form pleadings (as Plaintiff had admitted the Amended Complaint is) are permissible under the *Twombly/Iqbal* standard; and (2) its failure to address the particularly applicable cases in the Western and Northern Districts specifically rejecting such efforts.  In short, Plaintiff provides no reason for the Court to reject the analysis provided by Judge Russell and Judge Heaton (and others) rejecting bad faith pleadings under substantially similar circumstances:

- "plaintiffs have offered little "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at \*4 (W.D. Okla. Dec. 19, 2014)

- "plaintiff must prove more than a mere breach of contract: she must also prove that defendant acted unreasonably and in bad faith in handling her claim…Here, plaintiff has offered only 'mere labels and conclusions.'" *Daily v. USAA Cas. Ins. Co.*, CIV-14-0550-HE, 2014 WL 12729172, at \*1 (W.D. Okla. Nov. 19, 2014)

- "Plaintiffs allege a series of conclusory statements…the Court finds that Plaintiffs have failed to set forth sufficient facts in support of their claim so as to comport with the current state of the law regarding the pleading of claims." *Bunnell v. American Bankers Insurance Co. of Florida,* No. 12-cv-372-R, 2013 WL 9554564 (W.D. Okla. July 17, 2013)

- "These allegations are largely a recitation of the elements required for a bad faith insurance claim. The Court can find no fact alleged by plaintiffs other than defendant USAA CIC's failure to pay the full amount to which they allege they were entitled. Under *Twombly* and *Iqbal*, these allegations are insufficient to state a plausible claim for relief under the standard." *Hightower v. USAA Cas. Ins. Co.*, 16-CV-274-JED-FHM, 2017 WL 1347689, at *3 (N.D. Okla. Apr. 7, 2017)

- "Plaintiff failed to allege any non-conclusory facts in support of his bad-faith claim….Plaintiff's Complaint contains only conclusory allegations and does not allege any specific facts supporting a finding of unreasonable conduct by CSAA." *Erbe v. AAA Fire & Cas. Ins. Co.*, No. 16-CV-596-TCK-PJC, 2017 WL 489417, at *2 (N.D. Okla. Feb. 6, 2017)

- "Plaintiff's bad faith claim is based solely on the fact that she was not paid the insurance proceeds under the policy ... her bad faith claim is not plausible under the *Twombly/Iqbal* standard." *Scheffler* v. *Am. Republic Ins. Co.,* No. 11-CV-760-CVE-TLW, 2012 WL 602187, at *1 (N.D. Okla. Feb. 23, 2012)

Plaintiff claims Defendant "knows exactly why it has been sued" despite alleging what it contends to be a novel theory to avoid the Court's previous dismissal. Apparently, Plaintiff did not originally know why he sued Defendant but now expects Defendant to clairvoyantly know so. The idea that an insurer can commit the same series of bad faith actions in every case in which Plaintiff's counsel is engaged is simply unfathomable. "[I]f Rule 11 is to have any meaning, this shotgun approach to pleading 'where the pleader heedlessly throws a bit of everything into his complaint in the hopes that something will stick' must be discouraged." *Arbuckle Wilderness, Inc. v. KFOR-TV, Inc.*, 149 F.R.D. 209, 212 (W.D. Okla. 1993), *aff'd,* 76 F.3d 392 (10th Cir. 1996), quoting *Mason v. Coca-Cola*

*Bottling Co. of Mid-Am.,* CIV. A. 88-2636-O, 1989 WL 134287, at *2 (D. Kan. Oct. 24,

1989) and *Rodgers v. Lincoln Towing Serv.,* 596 F.Supp. 13, 27 (N.D.Ill.1984), *aff'd,* 771

F.2d 194 (7th Cir.1985).   Indeed, even in his Response, Plaintiff addresses less than half

of the purported bad faith allegations only identifies five of the dozen actually included in

the Amended Complaint.

Under the *Twombly* standard, Defendant is entitled to know what viable allegations

exist that it must face in preparing a defense.   Kitchen sink, cookie-cutter pleading is

insufficient.

> [I]t thrusts upon the defendant the undeserved task of marshaling the
> evidence necessary to negative, at the summary judgment stage or otherwise,
> numerous allegations which a responsible pleader, conscious of the need (and
> professional obligation) to differentiate between multiple defendants
> when pleading multiple claims, would not have made in the first instance.
> Put simply, "shotgun pleadings wreak havoc on the judicial system."

*Meek v. Torossian*, CIV-01-1459-F, 2002 WL 32026156, at *9 (W.D. Okla. Dec. 17, 2002),

quoting in part, *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001), *abrogated on other*

*grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170

L.Ed.2d 1012 (2008)

A brief review of Plaintiff's Amended Complaint is informative.   Paragraphs 1-2

are jurisdictional only.   Paragraphs 3-4 discuss the existence and applicability of Plaintiff's

policy.   Paragraphs 5, 7-8 focus on Plaintiff's purported disability.   Paragraph 6 describes

Plaintiff describes his employment and his purported rationale for maintaining the policy.

Paragraphs 9-11 describe Plaintiff's (inaccurate) understanding of Defendant's

determinations.   Paragraph 12 states that Plaintiff submitted a claim to Defendant.

Paragraph 13 alleges a breach of contract.  Paragraph 14 alleges the litany of conclusory bad faith acts purportedly committed by Defendant but provides no factual support.  To the contrary, it is comprised of vague language – *i.e.*, "at a time," "in some instances," "any," – and wholly conclusory statements. The Amended Complaint concludes with compensatory and punitive damages allegations in Paragraphs 15-16.

A breach of contract claim is relatively simple – Plaintiff believes he should be receiving certain benefits, Defendant disagrees, and the terms of the policy control.  Bad faith, by nature, is wholly different, as it is dependent on specific activities of the insurer which must rise above the threshold of negligent conduct.  There is absolutely no effort here by Plaintiff to connect any of the form shotgun bad faith allegations to any fact alleged in the Amended Complaint. The method utilized by Plaintiff "places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim." *Goode v. Nuance Commc'ns, Inc.*, 17-CV-00472-GKF-JFJ, 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018), quoting *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242-43 (D. Colo. 2014)

While ignoring direct authorities on this issue, Plaintiff's core argument appears to be that breach of contract and breach of the duty of good faith and fair dealing should be treated as one and the same for pleading purposes.  Again, no cases cited by Plaintiff involve situations where Plaintiff has alleged no facts to support his bad faith claim. Moreover, such an approach, beyond wholly sidestepping Western (and Northern) District cases directly applicable here, also runs afoul of countless cases where either the breach of

contract or bad faith claim has been rejected while the other remains, at the motion to dismiss or motion for summary judgment stages.

Plaintiff offers substantially more detail, while avoiding many of his prior, unsupported contentions, in his Response.  In fact, Plaintiff attached almost fifty pages of exhibits to the Response (which are referenced throughout), which were not included with the Amended Complaint.  However, a party cannot amend a pleading through a Response brief, as such facts are not properly before the Court.  2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 2014) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."); *see also Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.1993); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.,* 868 F.2d 992, 995 (8th Cir. 1989); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).  Courts in the Western and Northern Districts have repeatedly reached this conclusion.  *See, e.g., Bus. Loan Ctr., LLC v. Driskill Indus., Inc.*, No. CIV-07-1314-HE, 2008 WL 2704390, at *1 (W.D. Okla. July 3, 2008) ("[A]llegations or arguments in, or documents attached to, a response brief cannot cure a defective pleading."); *Goode v. Nuance Commc'ns, Inc.*, 17-CV-00472-GKF-JFJ, 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018); *Osage Producers Ass'n v. Jewell*, 191 F. Supp. 3d 1243, 1251, n.4 (N.D. Okla. 2016) ("allegations in a response brief cannot cure deficiencies in a complaint"); ; *Bixler v. Shaw*, 10-CV-745-JED-FHM, 2014 WL 198225, at *4, n. 2 (N.D. Okla. Jan. 14, 2014)

(allegations contained in response brief but not complaint does not cure deficiencies in complaint and "is not properly before the Court").  Indeed, this Court has opined: "[W]hile those contentions [in the response briefing] are not considered in determining the sufficiency of the Complaint, they may support Plaintiff's request to amend." *Am. Fid. Assurance Co. v. Bank of New York Mellon*, CIV-11-1284-D, 2013 WL 12091102, at *3 (W.D. Okla. Jan. 18, 2013)

To be clear, Defendant is not contending in the instant Motion that Plaintiff can never state a claim sufficient to meet the pleading standards.  In fact, the last time Plaintiff's counsel was confronted with a similar Motion, Plaintiff simply filed an amended complaint that addressed the outstanding issues rather than requiring the Court to direct it to do so. *See Tompkins v. Colonial Life & Accident Insurance Company,* Wester District Case No. 20-CV-711-J (Dkt. 6 and 12).  Defendant simply requests, and is entitled to, the same here.

Plaintiff has completely failed to tailor the facts and legal theories to his bad faith claim against Defendant.  Defendant is entitled to know what Plaintiff is actually alleging and prepare a defense accordingly.  For these reasons and the additional arguments and authorities set out herein and in Defendant's Motion, Plaintiff's Amended Complaint should be dismissed.

Respectfully Submitted,

*s/Matthew C. Kane*
PHILLIP G. WHALEY, OBA No. 13371
MATTHEW C. KANE, OBA No. 19502
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
Telephone:    (405) 239-6040
Facsimile:     (405) 239-6766
pwhaley@ryanwhaley.com
mkane@ryanwhaley.com

ATTORNEYS FOR DEFENDANT
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2020, I electronically transmitted the attached document to the Clerk of Court using the Electronic Filing System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/Matthew C. Kane*
MATTHEW C. KANE

7