## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD R. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-20-180-D |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 21], filed pursuant to Fed. R. Civ. P. 12(b)(6).   Defendant seeks the dismissal of a claim of insurer's bad faith asserted in Plaintiff's First Amended Complaint [Doc. No. 18].   Plaintiff has filed a timely response [Doc. No. 24], and Defendant has replied [Doc. No. 25].

### Factual and Procedural Background

Plaintiff brings suit to recover damages for breach of contract, breach of an insurer's duty of good faith and fair dealing, and fraud based on Defendant's conduct regarding a disability income insurance policy.   In ruling on a prior motion to dismiss the original Complaint, the Court dismissed all claims except a claim of false representation or omission.   *See* 3/26/21 Order [Doc. No. 12] at 18.   In compliance with the Scheduling Order, Plaintiff was authorized to file the First Amended Complaint, which asserts a new breach of contract claim based on a different provision of the insurance policy and reasserts

his bad faith claim.   The Court previously dismissed the bad faith claim based on Plaintiff's failure to allege the existence of insurance coverage.   *See* Order at 13-14. Defendant now reasserts a prior argument, which the Court did not reach, that Plaintiff fails to plead sufficient facts to state a plausible bad faith claim.

### Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id*. at 679.   In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief" under the legal theory proposed.   *Id*. at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

### Plaintiff's Allegations

Only the factual allegations of the First Amended Complaint regarding Plaintiff's breach of contract and bad faith claims are pertinent to this Order.[1]   Accepting the truth

---

[1]   Plaintiff's fraud claim is based on historical facts regarding the sale of the policy in 1987 and increases in coverage that occurred in 2001; it is based on alleged representations concerning

of the allegations, Plaintiff is a medical doctor who was insured at all relevant times under a disability income insurance policy (the "Policy") issued by Defendant in 1987. Defendant marketed this type of policy to physicians to provide coverage for an occupation in a recognized medical specialty.   Since 1987, Plaintiff has worked as both a specialist in emergency medicine and a clinician in another non-specialty practice.   In March 2019, Plaintiff suffered a myocardial infarction that caused him to be totally disabled from performing his specialty occupation.   Plaintiff's disability from practicing emergency medicine is permanent, and he will continue to suffer a total loss of his specialty income for the rest of his life.

Plaintiff claims that this permanent and total disability from his specialty occupation entitled him to receive a "residual disability" income benefit provided by the Policy.   *See* First Am. Compl. ¶ 8.   He timely submitted a loss claim in compliance with the Policy. In November 2019, Defendant approved Plaintiff's claim based on a determination that he was disabled from performing his emergency room practice, and began paying him monthly residual disability benefits.   In January 2020, however, Defendant reversed its decision and refused to provide Plaintiff with any further coverage under the Policy.   The effect of this reversal is a continuing denial of monthly benefits to Plaintiff for his lifetime. Defendant has also denied Plaintiff an associated waiver of premium benefit to which he was entitled during a period of disability.   Finally, Plaintiff asserts that Defendant's

---

coverage provided by the policy by Defendant's agent.   Plaintiff's fraud allegations have no apparent connection to Defendant's handling of Plaintiff's disability loss claim, and in fact, the premise of the fraud claim is that Plaintiff lacked the coverage that was represented to exist.

original, favorable decision was incorrect in the date of commencement and the monthly payment amount of his residual disability benefit.

Defendant allegedly breached the insurance contract by refusing to pay benefits under the Policy to which Plaintiff was entitled. *Id*. ¶ 12. Defendant also allegedly breached its duty of good faith and fair dealing in the handling of Plaintiff's claim. Plaintiff does not provide additional facts in support of his bad faith claim but, instead, includes a conclusory list of actions that allegedly constituted bad faith conduct. *See id*. ¶ 14. These include refusing to pay benefits knowing Plaintiff was entitled to them; failing to properly investigate the claim or evaluate any investigation that was done; denying the claim for reasons contrary to the provisions of the contract or Oklahoma law, or based on restrictions not contained in the policy, or by misapplying policy provisions; improperly delaying the payment of benefits after they were due; failing to follow reasonable standards of prompt investigation and handling of claims; employing unfair claim settlement practices after liability became clear; delaying the payment of disability income benefits after they were due and thus depriving Plaintiff of the purpose of coverage; and refusing to pay the waiver of premium benefit or delaying to address it "in an attempt to conceal and avoid payment of the premium waiver altogether." *Id*.

## Discussion

Defendant contends Plaintiff's bad faith claim is based on conclusory, formulaic allegations that lack supporting facts.[2] Plaintiff contends the First Amended Complaint

---

[2] Defendant asserts that Plaintiff's counsel routinely uses the same boilerplate language as a form pleading in cases filed on behalf of insureds; Defendant provides copies of pleadings

provides a sufficient factual basis for a bad faith claim and gives Defendant fair notice of the claim, which is all federal pleading rules require.[3]   *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("Rule 8(a)(2) still lives.").

To establish a breach of Defendant's duty of good faith and fair dealing with its insured, Plaintiff must show that Defendant breached the insurance contract and, in so doing, acted in a manner constituting bad faith.   *See Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007); *see also Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005) (per curiam).   Although an insurer may reasonably refuse to pay a disputed claim, "a legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith;" for example, an inadequate investigation of a claim may permit a finding that the insurer acted unreasonably and in bad faith.   *See Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 343, 345 (10th Cir. 1995); *see also Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127-28 (10th Cir. 2012).

Upon examination of the First Amended Complaint, the Court finds insufficient factual allegations to state a plausible claim of bad faith.   Plaintiff provides a laundry list of things that might constitute unreasonable, bad faith conduct by an insurer in handling a loss claim.   But Plaintiff provides no facts that would permit a reasonable inference that any of that conduct occurred in Defendant's handling of his claim.   For example, Plaintiff

---

from other cases to prove this point.   *See* Def.'s Mot. at 11-12 & Ex. 1 [Doc. No. 21-1].   The Court declines to consider matters outside the First Amended Complaint and, therefore, disregards the exhibit.

[3]   To the extent Plaintiff argues facts outside his pleading, his argument is improper and is disregarded.

does not identify any aspect of Defendant's investigation that was inadequate or untimely. As to other items on Plaintiff's list, he does not point to any provision of the policy that was violated, ignored, or misinterpreted or any provision of Oklahoma law that was not followed.   The closest that Plaintiff comes to identifying how Defendant may have acted in bad faith in denying his claim is 1) it changed an initial, favorable decision and 2) it "attempt[ed] to conceal and avoid payment of the premium waiver."   *See* First Am. Compl. ¶ 14(*l*). These unadorned, unexplained allegations do not plausibly suggest unreasonable, bad faith conduct by Defendant.   The Court therefore finds that the First Amended Complaint does not contain sufficient factual allegations to state a plausible claim of insurer's bad faith.

## Conclusion

For these reasons, the Court finds that the First Amended Complaint fails to state a bad faith claim and this claim must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss First Amended Complaint [Doc. No. 21] is **GRANTED** and Plaintiff's bad faith claim against Defendant is **DISMISSED**.

**IT IS SO ORDERED** this 29th day of July, 2021.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge