**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

RICHARD R. MORGAN, )
)
Plaintiff, )
)
v. ) Case No. CIV-20-180-D
)
PROVIDENT LIFE AND ACCIDENT )
INSURANCE COMPANY, a foreign )
Corporation, )
)
Defendant. )

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEFENSES**

Defendant Provident Life and Accident Insurance Company ("Provident Life"), based upon present information and belief, for its Answer to Plaintiff's Second Amended Complaint, denies each and every material allegation contained in the Second Amended Complaint, except as may be hereinafter admitted, and further alleges and states as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

2. Defendant admits it is a foreign corporation in the State of Oklahoma with its statutory home office in Chattanooga, Tennessee. Defendant denies that service may be obtained as alleged by Plaintiff, but admits that Plaintiff actually served Defendant through the Oklahoma Insurance Commissioner. *See* Dkt. No. 5. Defendant also denies that it is "UNUM" as defined by Plaintiff herein. "UNUM" is a trademark which is utilized by a number of affiliated entities, including but not limited to Provident Life. Plaintiff

acknowledges this distinction in Paragraph 26 of the Second Amended Petition. Any other allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint are denied.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.

4. In response to Paragraph 4 of Plaintiff's Second Amended Complaint, Defendant admits that the policy number is 6-335-785976 and the date of the October 2001 amendment was actually October 23, 2001.

5. In response to Paragraph 5 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff has asserted contract and bad faith claims but denies Defendant is liable to Plaintiff based on those or any other claims. To the extent the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint constitute legal conclusions, no response is required, although Defendant denies any such allegations inconsistent with applicable law. Any other allegations remaining in Paragraph 5 of Plaintiff's Second Amended Complaint are denied.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7. In response to Paragraph 7 of Plaintiff's Second Amended Complaint, Defendant is without the ability to determine why Plaintiff made the decisions he made and thus denies such allegations. Defendant further denies the remaining allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8. Defendant admits that Plaintiff was temporarily disabled following his medical incident and that Plaintiff's physician reported at the time that he had certain

lifetime restrictions. Defendant denies the remaining allegations in Paragraph 8 of Plaintiff's Second Amended Complaint.

9. Defendant admits, based on information and belief and Plaintiff's express statements that Plaintiff has not returned to work as an E.R. physician since his medical incident. All remaining allegations in Paragraph 9 of Plaintiff's Second Amended Complaint are denied.

10. Defendant admits that its approval of Plaintiff's residual benefits on November 21, 2019, was based, in part, on his cardiologist's recommendations, among other factors. All remaining allegations in Paragraph 10 of Plaintiff's Second Amended Complaint are denied.

11. Defendant admits that, on January 24, 2020, it determined that Plaintiff was not disabled according to the terms of the policies at issue after October 21, 2019. All remaining allegations in Paragraph 11 of Plaintiff's Second Amended Complaint are denied.

12. In response to Paragraph 12 of Plaintiff's Second Amended Complaint, Defendant admits that residual benefits were drafted on November 21, 2019 covering the period from October 1, 2019 to October 13, 2019 and on January 6, 2020 for the period of December 10, 2019 to December 21, 2019. An interest payment of $20.24 was drafted on February 20, 2020.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint, except to the extent the factual information regarding what information was provided to Defendant is identified in the claim file.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendant admits that the denials of both Plaintiff's instant claim and his separate claim under a different ERISA policy were addressed in the same letter. In all other respects, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. The denial letter speaks for itself. To the extent Plaintiff's quotes and characterizations are inconsistent with the letter, they are denied. In all other respects, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. The denial letter speaks for itself. To the extent Plaintiff's quotes and characterizations are inconsistent with the letter, they are denied. In all other respects, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. The policy and denial letter speak for themselves. To the extent Plaintiff's quotes and characterizations are inconsistent with the policy and/or letter, they are denied. In all other respects, Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint, except to the extent the factual information regarding what information was provided to Defendant is identified in the claim file.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. The policy speaks for itself. To the extent Plaintiff's quotes and characterizations are inconsistent with the policy, they are denied. In all other respects, Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. The Oklahoma authorities cited by Plaintiff speak for themselves. To the extent Plaintiff's quotes and characterizations are inconsistent with those authorities, they are denied. In all other respects, Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26. The federal authorities cited by Plaintiff speak for themselves. To the extent Plaintiff's quotes and characterizations are inconsistent with those authorities, they are denied. In all other respects, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.

38. The appeal materials submitted by Plaintiff speak for themselves. Defendant denies the accuracy of those contentions and any remaining allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

43A. Defendant denies the allegations contained in the "Wherefore" Paragraph of Plaintiff's Second Amended Complaint related to Plaintiff's contractual based claims.

44. Defendant is without knowledge of what Plaintiff knew or believed in 1987 or since that time and thus denies the same. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

45. Defendant is without knowledge of what Plaintiff knew or believed in 1987 or since that time and thus denies the same. Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. Defendant is without knowledge of what Plaintiff knew or believed in 1987 or since that time and thus denies the same. Defendant denies the remaining allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49. Defendant is without knowledge of what Plaintiff knew or believed in 1987 or since that time or of the specific dates and times of Plaintiff's employment and thus denies the same. Defendant denies the remaining allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50. Defendant is without knowledge of what other policies Plaintiff did or did not have, and thus denies those allegations. Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint.

51. Defendant is without knowledge of what Plaintiff knew or believed in 1987 or since that time and thus denies the same. Defendant denies the remaining allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Second Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

60A. Defendant denies the allegations contained in the "Wherefore" Paragraph of Plaintiff's Second Amended Complaint related to Plaintiff's misrepresentation claim.

**DEFENSES**

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant's investigation, handling and evaluation of Plaintiff's claims was at all times reasonable, thus barring Plaintiff's bad faith claim.

3. Defendant adopts, incorporates, and relies upon the express terms of the policy at issue.

4. Defendant's actions, at all times, have been reasonable and appropriate in response to Plaintiff's demands. Defendant's handling of Plaintiff's claim complied fully with the terms of the policy and all applicable laws.

5. Plaintiff's contractual recovery from Defendant is limited by the limits set forth in the policy. Plaintiff's contractual damages cannot exceed those limits.

6. Even if Plaintiff is entitled to benefits under the policy as alleged by Plaintiff in his Second Amended Complaint, which contention is expressly denied, in no event can Plaintiff recover benefits other than benefits held to be actually due and owing under the policy or obtain a declaration that Defendant pay future benefits to Plaintiff.

7. At all times relevant hereto, Defendant has acted in good faith and dealt fairly with Plaintiff, and Provident Life has not engaged in any conduct, act or omission which would justify an award of damages of any kind in favor of Plaintiff. The investigation and adjudication of Plaintiff's claim was conducted in a reasonable manner.

8. The refusal to award Plaintiff benefits is based on a legitimate dispute as to Plaintiff's entitlement to the coverage and benefits sought by Plaintiff.

9. To the extent a dispute exists, it may be the result of unsettled law, thereby precluding any bad faith claim against Defendant.

10. Plaintiff is not entitled to attorney fees and costs, or other relief which has been requested from Provident Life, as Defendant's actions and defenses are reasonable and advanced in good faith.

11. Plaintiff's bad faith claim against Defendant in the present lawsuit should be bifurcated and/or severed from the remaining claims in this lawsuit.

12. Defendant reserves the right to assert the defense of lack of cooperation on the part of Plaintiff and/or Plaintiff's counsel.

13. Discovery may reveal that Plaintiff or his attorney failed to disclose or concealed relevant information and documentation from Defendant, delaying and/or preventing Defendant's investigation and consideration of evidence unfavorable to Plaintiff's claim.

14. Plaintiff cannot establish that any additional investigation would change or alter the outcome of Defendant's determination.

15. Plaintiff's claims fail because it is impossible for Plaintiff to present clear and convincing evidence as required by law of the alleged misrepresentation under the instant circumstances.

16. The selling agent referenced in Plaintiff's Second Amended Complaint was the agent of Plaintiff, not Defendant.

17. The allegations in Plaintiff's Second Amended Complaint are barred by the doctrine of laches.

18. The allegations in Plaintiff's Second Amended Complaint are barred by the applicable statute of limitations.

19. The injury/damages complained of were caused by the conduct of others for whom Defendant is not liable/responsible.

20. Defendant specifically and affirmatively alleges that Plaintiff is not entitled to any award of punitive and/or exemplary damages, as Plaintiff cannot demonstrate Defendant has breached the duty of good faith and fair dealing. As such, Plaintiff cannot demonstrate by clear and convincing evidence that Defendant has breached the duty of good faith and fair dealing in a reckless fashion. In the unlikely event the issue of punitive and/or exemplary damages could be submitted to the jury, Defendant specifically and affirmatively alleges that any such award of punitive and/or exemplary damages must be limited to the greater of $100,000 or the amount of actual damages awarded. *See* 23 O.S. § 9.1 (B).

21. Defendant specifically objects and denies the allegations in Plaintiff's Second Amended Complaint and prayer for relief wherein Plaintiff claims that he is allegedly entitled to an award of punitive damages. Plaintiff has failed to give Defendant fair notice of what conduct predicates an exemplary damages theory of recovery and what conduct entitles Plaintiff to a punitive/exemplary damages award. Plaintiff should be required to re-plead and state with particularity the elements, facts and evidence allegedly

supporting a claim for relief warranting the imposition of punitive and/or exemplary damages.

22. Because discovery has not yet begun, Defendant respectfully reserves the right to amend its Answer, to assert additional affirmative defenses, and/or assert additional claims as discovery progresses.

Respectfully Submitted,

*s/Matthew C. Kane*

PHILLIP G. WHALEY, OBA No. 13371
MATTHEW C. KANE, OBA No. 19502
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK 73104
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
pwhaley@ryanwhaley.com
mkane@ryanwhaley.com

ATTORNEYS FOR DEFENDANT
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2021, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following:

Steven S. Mansell
Mark A. Engel
Kenneth G. Cole

*s/Matthew C. Kane*
MATTHEW C. KANE