IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD R. MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-20-180-D |
| | ) |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Motion to Strike All References or Evidence Regarding Plaintiff's Purported Post-July 1, 2020 Treatment [Doc. No. 132]. Although no procedural rule is cited in the Motion, Defendant relies in its supporting brief on Fed. R. Civ. P. 37(c)(1). *See* Def.'s Mot. Strike at 7. Defendant asserts that Plaintiff should be prohibited from utilizing information or evidence that was not timely disclosed as required by Fed. R. Civ. P. 26(a) and (e). Defendant accuses Plaintiff of deliberately failing to disclose information regarding ongoing care by his treating physician and argues that the nondisclosure prevented Defendant from "addressing [the information] during the discovery process." *See* Def.'s Mot. Strike at 8.

Plaintiff responds in kind, accusing Defendant or its counsel of gamesmanship and making a false claim of surprise. *See* Pl.'s Resp. Br. [Doc. No. 133] at 1 (characterizing Defendant's argument as a "blatantly false and newly concocted defense" and the timing of the Motion as "hid[ing] behind the log"); *id.* at 23 ("Defendant [was] hiding behind the

log with their [sic] newly concocted defense"). Plaintiff goes further, however, and argues that Defendant is to blame for not realizing that Plaintiff's treating physician gave incorrect deposition testimony and for not pressing Plaintiff to produce additional treatment records. Plaintiff also attempts to minimize the importance of the nondisclosure by suggesting the Court's summary judgment ruling somehow made the information irrelevant and arguing that Plaintiff's "continued care with his physician was never at issue." *Id*. at 5; *accord id*. at 21-22 (arguing that Plaintiff's continued treatment "was never a disputed fact" and any additional evidence was immaterial or cumulative).

Defendant doubles down in its reply, accusing Plaintiff or his counsel of trying to deflect blame for "his blatant disregard of disclosure obligations" and to excuse "an intentional failure to identify additional records." *See* Reply Br. [Doc. No. 135] at 1, 2.

Upon consideration, the Court finds that Defendant's Motion is subject to the meet-and-confer requirement of LCvR37.1. Because the Motion seeks a discovery sanction under Rule 37, it is a discovery-related motion that must be accompanied by a written certification "that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." *See* W.D. Okla. R., LCvR37.1. Without the required certification, "this court shall refuse to hear any such motion." *Id*.

The record does not show a serious attempt by either side to meet and confer about the disclosure and discovery issues raised by Defendant's Motion before involving the Court. Further, the Court believes this dispute is capable of resolution by counsel through

2

reasonable, mutually cooperative efforts. Under the circumstances, the Court finds that LCvR37.1 should be enforced and the Motion should not be heard at the present time.

To assist the parties in resolving their dispute, the Court states several observations from the present submissions. First, counsel for both parties are experienced litigation attorneys with reputations for zealous, professional advocacy. Their accusatory rhetoric is disappointing and counterproductive. Second, the sanction sought by Defendant is not appropriate if a failure to provide information "was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). Although not articulated in these terms, the Court understands from Plaintiff's argument that he believes circumstances exist that may satisfy this standard. Third, there may be sufficient grounds for Plaintiff to obtain leave to amend his exhibit list, amend the Final Pretrial Report (which remains pending for approval), or otherwise cure any untimely disclosure of necessary exhibits.[1] In other words, the Court is confident that the parties' experienced counsel can craft a mutually agreeable resolution to their present discovery-related dispute.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike All References or Evidence Regarding Plaintiff's Purported Post-July 1, 2020 Treatment [Doc.

---

[1] Contrary to Plaintiff's argument, under the interpretation of the insurance policy announced in the Court's summary judgment order, Plaintiff's right to continued coverage under the Residual Disability provision after the Elimination period requires proof that he "continu[ed] to receive care by a physician for the condition causing the loss of income." *See* 3/30/23 Order [Doc. No. 85] at 15 (footnote omitted). Thus, Plaintiff's treatment following Defendant's denial of benefits effective October 21, 2019, is an element of his claim for damages, not a defense to coverage.

No. 132] is **DENIED**, without prejudice to a future submission upon compliance with LCvR37.1.

    **IT IS SO ORDERED** this 16th day of November, 2023.

                                            *[signature]*
                                            TIMOTHY D. DeGIUSTI
                                            Chief United States District Judge