IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD R. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-20-180-D |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Renewed Motion to Strike All References or Evidence Regarding Plaintiff's Purported Post-July 1, 2020 Treatment [Doc. No. 137], under Fed. R. Civ. P. 37(c)(1).[1]   Defendant asserts that Plaintiff should be prohibited from utilizing evidence that was not disclosed as required by Fed. R. Civ. P. 26(a) and (e). Defendant alleges that Plaintiff failed to produce medical records and disclose information regarding treatment provided by his cardiologist, Dr. Collazo, and thus it was deprived of "the opportunity to conduct discovery regarding such documents or post July 1, 2020 treatment."   *See* Def.'s Renewed Mot. at 5.

In response, Plaintiff disagrees with some statements by Defendant regarding the communications between counsel, but he admits that the records were first produced after

---

[1]   The Court denied Defendant's original motion for failure to comply with the meet-and-confer requirement of LCvR37.1.  Although counsel for the parties disagree about the substance of various email and in-person communications, the Court finds the requirement has been sufficiently satisfied and further conferences are unlikely to resolve the underlying issues.

the close of discovery and that Dr. Collazo did not provide information during his deposition regarding treatment provided after July 1, 2020.   Plaintiff disputes whether Rule 26(a) or (e) obliged him to produce the medical records earlier, whether Defendant's counsel should have detected an error in Dr. Collazo's testimony, and whether an appropriate sanction would be to exclude from trial all evidence regarding his post-July 1, 2020 treatment.   Plaintiff points out that his claim for benefits allegedly due under Defendant's disability income insurance policy requires continued treatment of the underlying medical condition so excluding the evidence could negatively impact his case.

Defendant does not address this issue, nor did it file a timely reply in support of the Renewed Motion.   Defendant concedes in its Motion that Plaintiff produced his additional medical records almost two months ago, on November 27, 2023, and there is no dispute "that Plaintiff did, in fact, see Dr. Collaso on several occasions after July 1, 2020."   *See* Def.'s Renewed Mot. at 2.

Rule 37(c)(1) gives a district court discretionary authority to exclude evidence at trial where "a party fails to provide information . . . as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless."   In exercising this discretion, courts consider "(1) the prejudice or surprise to the party against whom the [information] is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [nonproducing] party's bad faith or willfulness."   *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

Under the circumstances presented, the Court finds no need to resolve the parties' disagreement over who is to blame for an untimely document production or an inaccurate answer by Dr. Collazo during his deposition testimony in July 2022.   The extreme sanction requested by Defendant is clearly disproportionate to any error by Plaintiff or his attorneys, who are not alleged to have acted willfully or in bad faith.    The Court finds that an appropriate solution to the problem is provided by Defendant's alternative request to conduct a supplemental deposition of Dr. Collazo regarding his post-July 1, 2020 treatment of Plaintiff.    To be clear, the deposition must occur before the start of the upcoming trial to avoid any disruption.    Although the compressed schedule may be problematic, depending on Dr. Collazo's availability or willingness to cooperate, the Court views this solution as an obvious one that could have been worked out by mutual agreement of the parties weeks ago.[2]   Defendant's additional request to impose limits on the admissibility of the medical records is unnecessary, given that Plaintiff's ability to offer them as trial exhibits depends on the outcome of his separate motion [Doc. No. 143] to amend the Final Pretrial Report.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion to Strike All References or Evidence Regarding Plaintiff's Purported Post-July 1, 2020 Treatment [Doc. No. 137] is **DENIED in part** and **GRANTED in part**, as set forth herein.   Defendant is

---

[2]   According to Defendant, counsel for the parties met in person on December 11, 2023, and discussed this solution, but defense counsel imposed additional conditions regarding costs of the deposition and trial stipulations.   *See* Def.'s Mot. at 2-3.   At this point, the Court fully expects Plaintiff and his counsel to make every reasonable effort to facilitate the scheduling process.

authorized to conduct a supplemental deposition of Dr. Collazo regarding his post-July 1, 2020 treatment of Plaintiff not later than February 12, 2024.

**IT IS SO ORDERED** this 26th day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge